UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LAU SHAN TONG,

                              Plaintiff.

    -against-

SING TAO NEWSPAPERS NEW YORK, LTD., and
ROBIN MUI,

                            Defendants.
-----------------------------------------------------------------X

Docket No. 17-CV-09986 (RA)

**ANSWER TO COMPLAINT**

      Defendants, SING TAO NEWSPAPERS NEW YORK, LTD ("SING TAO") and ROBIN MUI ("MUI"), (collectively "Defendants"), by their attorneys Meltzer, Lippe, Goldstein & Breitstone, LLP, for their Answer to the Complaint ("Complaint") filed by Plaintiff, LAU SHAN TONG, ("Plaintiff"), respond and allege as follows:

### NATURE OF THE ACTION

1. Defendants deny the allegations set forth in paragraph "1" of the Complaint, except admit Plaintiff purports to proceed as set forth therein.

2. Paragraph "2" of the Complaint states a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations set forth therein.

### PARTIES

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

4. Paragraph "4" of the Complaint states a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations set forth therein.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit SING

TAO is authorized to do business in New York.

6. Paragraph "6" of the Complaint states a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations set forth therein.

7. Paragraph "7" of the Complaint states a legal conclusion, which does not require a response. To the extent a response is required, Defendants admit MUI is the Chief Executive Officer of SING TAO.

## JURISDICTION AND VENUE

8. Defendants deny the allegations set forth in paragraph "8" of the Complaint, except admit Plaintiff purports to proceed as set forth therein.

9. Defendants deny the allegations set forth in paragraph "9" of the Complaint, except admit Plaintiff purports to proceed as set forth therein.

## PROCEDURAL PREREQUISITES

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit Plaintiff filed a Charge of Discrimination alleging age discrimination against SING TAO with the United States Equal Employment Opportunity Commission ("EEOC") on August 22, 2016, and refer to the document cited therein for a complete and accurate statement of its contents.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit the EEOC issued a determination on May 15, 2017, and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

12. Deny the allegations set forth in paragraph "12" of the Complaint, and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

13. Deny the allegations set forth in paragraph "13" of the Complaint, and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

14. Paragraph "14" of the Complaint states a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations set forth therein.

## STATEMENT OF FACTS

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit on or about February 23, 2004, Plaintiff was hired by SING TAO.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit Plaintiff worked in advertising.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Admit the allegations set forth in paragraph "18" of the Complaint, and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

19. Admit the allegations set forth in paragraph "19" of the Complaint, and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

20. Deny the allegations set forth in paragraph "20" of the Complaint and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit

Plaintiff did not meet his expected sales goal.

23. Admit the allegations set forth in paragraph "23" of the Complaint, and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint, and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

26. Deny the allegations set forth in paragraph "26" of the Complaint, and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except admit Simon Cheung was employed by SING TAO, and respectfully refer the Court to the document cited therein for a complete an accurate statement of its contents.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit Plaintiff received a disciplinary warning on March 22, 2016, and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

31. Deny the allegations set forth in paragraph "31" of the Complaint, and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit Ray Tan was employed by SING TAO.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except admit Plaintiff was terminated on or about April 30, 2016 and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except admit Plaintiff was terminated on or about April 30, 2016 and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

36. Admit the allegations set forth in paragraph "36" of the Complaint, and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

37. Admit the allegations set forth in paragraph "37" of the Complaint, and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

38. Deny the allegations set forth in paragraph "38" of the Complaint except admit that in May 2016 Mui offered to re-hire the Plaintiff on a part-time basis.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint, and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

## COUNT I
## AGE DISCRIMINATION UNDER THE ADEA

43. In response to the allegations set forth in paragraph "43" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "42" of the Complaint, as if fully set forth herein.

44. Paragraph "44" of the Complaint states a legal conclusion, which does not require a response. To the extent a response is required, Defendants respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

## COUNT II
## AGE DISCRIMINATION UNDER THE NYSHRL

48. In response to the allegations set forth in paragraph "48" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "47" of the Complaint, as if fully set forth herein.

49. Paragraph "49" of the Complaint states a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations set forth therein and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

## COUNT III
## AGE DISCRIMINATION UNDER THE NYCHRL

54. In response to the allegations set forth in paragraph "54" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "53" of the Complaint, as if fully set forth herein.

55. Paragraph "55" of the Complaint states a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

## COUNT IV
## RETALIATION UNDER THE ADEA

60. In response to the allegations set forth in paragraph "60" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "59" of the Complaint, as if fully set forth herein.

61. Paragraph "61" of the Complaint states a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

## COUNT V
## RETALIATION UNDER THE NYSHRL

66. In response to the allegations set forth in paragraph "66" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "65" of the Complaint, as if fully set forth herein.

67. Paragraph "67" of the Complaint states a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

## COUNT VI
## RETALIATION UNDER THE NYCHRL

72. In response to the allegations set forth in paragraph "72" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "71" of the Complaint, as if fully set forth herein.

73. Paragraph "73" of the Complaint states a legal conclusion, which does not require a response. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

## PRAYER FOR RELIEF

78.     The "WHEREFORE" clause, including paragraphs "A" through "I", state a prayer for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

79. Defendants deny any and all remaining allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

80. By way of further answer, Defendants assert the following and other defenses. In asserting these defenses, Defendants are providing notice to Plaintiff of the defenses Defendants intend to raise, and Defendants do not assume the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

81. The Complaint fails to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

82. The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

83. At all times relevant to the acts alleged in the Complaint, Defendants acted in conformity with all applicable laws, rules, and regulations, and any actions taken with respect to Plaintiff were undertaken for legitimate, non-discriminatory, non-retaliatory business reasons.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

84. The damage claims contained in the Complaint are barred, in whole or in part, by the

failure to mitigate damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

85. Defendant is not liable under cases such as Faragher v. Boca Raton, 524 U.S. 775 (1998) and Burlington Industries v. Ellerth, 524 U.S. 742, 754 (1998).

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

86. The Complaint is barred, in whole or in part, by the doctrines of election of remedies, mutually exclusive remedies, or any combination of these doctrines.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

87. The Complaint is barred, in whole or in part, by the failure to exhaust all administrative remedies, and/or to perform all conditions precedent to suit.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

88. The Complaint fails to allege facts sufficient to allow recovery of punitive, liquidated, or exemplary damages from the Defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

89. The Complaint is barred, in whole or in part, by the doctrine of after acquired evidence.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

90. All decisions made by Defendant with respect to Plaintiff and all actions taken with respect to their employment were made without malice, ill will, fraud, oppression or any other improper motive.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

91. Plaintiff cannot establish a *prima facie* case of discrimination or retaliation under any of the statutes identified in the Complaint.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

92. Plaintiff is not entitled to pre-judgment and/or post-judgment interest, liquidated damages, or attorneys' fees.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

93. Defendants did not aid, abet, ratify, condone, encourage or acquiesce in any allegedly discriminatory conduct as alleged by Plaintiff.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

94. The Complaint is barred, in whole or in part, by the doctrines of laches, estoppel and/or unclean hands.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

95. Plaintiff did not engage in any activity protected under any of the statutes alleged in the Complaint.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

96. Plaintiff cannot, in whole or in part, maintain claims against the individual Defendant MUI.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

97. Plaintiff failed to satisfy conditions precedent required to proceed against the individual Defendant pursuant to New York Business Corporation Law §630.

## **RESERVATION OF RIGHTS**

Defendants reserve the right to amend their Answer as during the course of this litigation. Defendants also reserve the right to assert such additional defenses as may appear and prove applicable during the course of this action.

Dated: Mineola, New York
February 12, 2018

        Respectfully submitted,

        **MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

    By: _____/s/_____
        Larry R. Martinez, Esq.
        *Attorneys for Defendants*
        190 Willis Avenue
        Mineola, New York 11501
        (516) 747-0300
        lmartinez@meltzerlippe.com

TO:    CRAVATH, SWAINE & MOORE LLP
        Rory A. Leraris, Esq.
        Sarah Warburg-Johnson, Esq.
        Justin Ndichu, Esq.
        Attorneys for Plaintiff
        825 Eighth Avenue
        New York, New York 10019
        (212) 474-1000
        rleraris@cravath.com
        swarburg-johnson@cravath.com
        jndichu@cravath.com

        BETH E. GOLDMAN, ESQ.
        New York Legal Assistance Group
        Elissa S. Devins, Esq., of Counsel
        Attorney for Plaintiff
        7 Hanover Square
        18th Floor
        New York, New York 10004
        (212) 613-5056