UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Tong,

Plaintiff,

-against-

Sing Tao Newspapers New York Ltd. et al,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/14/2018

1:17-cv-09986 (RA) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

On August 28, 2018, Plaintiff submitted a Letter-Motion regarding Defendants' refusal to produce certain documents in response to Plaintiff's document requests. (ECF No. 27.) Specifically, Plaintiff seeks: (1) his personnel file for the duration of his employment; (2) the personnel files and performance evaluations of similarly situated employees for that same duration; (3) Defendant and CEO Robin Mui's personnel file; and (4) the underlying data used to create the Revenue-Based Commission Reports and "Sales by Employee" charts. (*Id.* at 1.) Defendants responded, arguing that the requested documents are not relevant, and that Plaintiff's document requests are unduly burdensome and overbroad. (Defs.' Letter Response, ECF No. 31 at 2.) On September 14, 2018, the Court held a telephone conference to discuss the dispute.

Rule 26 of the Federal Rules of Civil Procedure defines the scope of permissible discovery as follows: "Unless otherwise limited by court order . . .: [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)).

The Letter-Motion is GRANTED IN PART and DENIED IN PART. For the reasons stated on the record during the conference (and after further deliberation with respect to item (3) below):

(1) Plaintiff's motion to compel production of documents responsive to Document Request 1 (including his personnel file) is moot, based upon representations made by Defendants' counsel.

(2) Defendants shall produce to Plaintiff the personnel files and performance evaluations of Account Executives during the period January 1, 2012 through December 31, 2017.

(3) In response to Document Request 10, Defendant shall only produce (a) documents sufficient to show Defendant Mr. Mui's job responsibilities and duties, and his qualifications; and (b) documents concerning Mr. Mui's disciplinary history, if any.

(4) Plaintiff is hereby granted leave to take a Rule 30(b)(6) deposition of Defendant with respect to the underlying data used to create the Revenue-Based Commission Reports and "Sales by Employee" charts, and may thereafter renew his motion to compel the production of such underlying data based upon the testimony obtained, if appropriate.

**SO ORDERED.**

DATED:      New York, New York
                 September 14, 2018

                                                       _____
                                                       STEWART D. AARON
                                                       United States Magistrate Judge